UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDON RICARDO SMITH,

    Plaintiff,

v.                                                      CASE NO. 3:24-cv-691-SJH

MICHAEL BRANDON DAFFIN,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Second Amended Complaint ("Motion"), Doc. 20, and Plaintiff's response in opposition thereto ("Response"), Doc. 22. For the reasons that follow, the Motion is due to be granted to the extent stated herein.

### I. Background

Plaintiff, proceeding *pro se*, has sued Defendant. The operative pleading is Plaintiff's Second Amended Complaint and Jury Demand ("SAC"), which alleges a single claim for negligence. Doc. 19. Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332, alleging that Plaintiff is a citizen of Florida, Defendant is a citizen of Maryland, and the amount in controversy exceeds $75,000. *Id.* at 2. In the Motion, Defendant seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule(s)"), arguing the amount-in-controversy requirement for the exercise of diversity jurisdiction is not satisfied. Doc. 20.

## II.   Standard

"Federal courts are courts of limited jurisdiction. To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018). A plaintiff ordinarily "need only plead an amount sufficient to satisfy the amount-in-controversy requirement in good faith[,]" such that a "plaintiff's good-faith pleading will be second guessed only if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (citation omitted). But "when the plaintiff pleads an unspecified amount of damages, it bears the burden of proving by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum." *Id.*

Thus, "the specificity with which the plaintiff pleads the amount in controversy" impacts the jurisdictional assessment. *Id.* at 1342 & n.5. Where the plaintiff in good faith pleads a specific amount above the jurisdictional threshold, such controls unless it appears "to a legal certainty" that the claim is really for a lesser amount. *Id.* Where a plaintiff instead alleges unspecified damages above the jurisdictional threshold, there is no estimate of damages to defer to, and the plaintiff must satisfy the additional preponderance-of-the-evidence requirement. *Id.*; *see also Doe v. Predator Catchers, Inc.*, No. 3:22-cv-414-MMH-LLL, 2023 WL 4107084, at *3 (M.D. Fla. June 21, 2023).

## III.   Discussion

Defendant's Motion generally relies on removal cases (even going so far as to

2

alternatively request remand to state court). *See generally* Doc. 20. Among other things, Defendant cites to and relies in part on an apparent settlement demand letter from Plaintiff ("Demand"). *Id.* at 3-5. Plaintiff argues that the Demand was not incorporated by reference into his pleading, is hearsay, and is inappropriate for consideration in resolving the Motion. Doc. 22 at 1-4.[1] And Plaintiff argues that "the removing defendant bears the burden of establishing that the jurisdictional threshold is met by a preponderance of the evidence." *Id.* at 5.

Contrary to the arguments in and context of the parties' respective briefing, however, this is not a removal case.[2] Rather, it was directly filed by Plaintiff in federal court. Doc. 1.[3] As discussed above, the standard in such a cases depends on whether Plaintiff has alleged a specific or indeterminate amount of damages. *See Fastcase,* 907 F.3d at 1342 & n.5; *see also Doe*, 2023 WL 4107084, at *3. Here, the SAC alleges an indeterminate amount of damages. Doc. 19 at 2, 7; *see also Tomlinson v. Sanofi-Aventis U.S. LLC*, No. 3:23-cv-645-MMH-MCR, 2024 WL 1641671, at *1 (M.D. Fla. Mar. 5,

---

[1] Neither side has provided the Demand for the Court's review.

[2] The Court notes that certain aspects of removal caselaw may translate to this context, while others may not. *See, e.g.*, *Hamilton v. Crete Carrier Corp.*, No. 3:24-cv-574-MMH-MCR, 2024 WL 3948869, at *3 (M.D. Fla. Aug. 27, 2024) (explaining law in removal context). The full extent of similarities/differences to removal cases is unnecessary to a resolution of the Motion, and the Court applies the law applicable to this case. *See Doe*, 2023 WL 4107084, at *3.

[3] The Court cites the original complaint (Doc. 1) only for the context that this is not a removal case. In considering whether the amount in controversy for jurisdiction is satisfied, the Court considers the operative SAC. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint.").

2024) ("Damages are indeterminate where a plaintiff makes 'no effort to quantify' the damages he seeks. This requires more than a general allegation that damages exceed $75,000.") (internal citations omitted); *Doe*, 2023 WL 4107084, at *3. Plaintiff acknowledges as much. *See* Doc. 22 at 5 n.1.

Plaintiff argues that Defendant failed to carry its burden as to the amount in controversy, but, as the party who invoked this Court's jurisdiction, it is *plaintiff*, not defendant, who bears the burden of showing the requisite amount in controversy by a preponderance of the evidence. *See Fastcase,* 907 F.3d at 1342 ("However, when the plaintiff pleads an unspecified amount of damages, it bears the burden of proving by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum."); *see also Tomlinson*, 2024 WL 1641671, at *1-2; *Doe*, 2023 WL 4107084, at *2; *Wright v. Englewood Beach & Yacht Club Ass'n, Inc.*, No. 2:22-cv-373-SPC-MRM, 2022 WL 2391271, at *1 (M.D. Fla. July 1, 2022).

Plaintiff has not carried his burden. Plaintiff offers *no* evidence of the amount in controversy (and affirmatively argues against consideration of the Demand discussed by Defendant). *See generally* Doc. 22. Plaintiff further argues about the lack of evidence as to the amount in controversy, contending that jurisdiction is appropriate based on the allegations in the SAC alone. *See id.* at 6, 8. Thus, the Court is left with the allegations in the Complaint alone. Though the Complaint alleges unspecified damages exceeding $75,000, it does so in conclusory fashion without sufficient factual allegations allowing for an assessment of the alleged harm. *See generally* Doc. 19. Conclusory allegations are insufficient to satisfy the requisite amount in controversy.

*See Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007);[4] *Tomlinson*, 2024 WL 1641671, at *2; *Doe*, 2023 WL 4107084, at *3; *Wright*, 2022 WL 2391271, at *2; *First Acceptance Ins. Co., Inc. v. Hemphill*, No. 8:08-cv-2051-T-27TGW, 2009 WL 10671295, at *2 (M.D. Fla. July 28, 2009). Nor may the Court speculate or guess as to the amount in controversy. *See Tomlinson*, 2024 WL 1641671, at *2; *Doe*, 2023 WL 4107084, at *3. Vague allegations unaccompanied by sufficient factual allegations to allow for a damages assessment are thus insufficient. *See Doe*, 2023 WL 4107084, at *4; *see also Puls v. Am. Airlines, Inc.*, No. 8:17-CV-1024-T-36TGW, 2017 WL 11723584, at *1-2 (M.D. Fla. Aug. 16, 2017) ("[T]he amount in controversy has not been adequately established. … The Complaint does not provide allegations regarding the amount of medical costs incurred thus far, estimated costs of future medical procedures, or lost wages. Since the Plaintiffs have not placed any dollar amount on the various damages they are seeking under these claims, the damages are indeterminate. Accordingly, it is not facially apparent that the amount in controversy exceeds the jurisdictional requirement, and Plaintiffs have to carry their burden of establishing the amount in controversy.").

In short, the Court cannot determine from the face of the Complaint that the amount in controversy is satisfied and, in response to Defendant's jurisdictional challenge, Plaintiff has failed to offer any evidence supporting the amount in

---

[4] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

controversy. As such, dismissal of this action without prejudice for lack of subject matter jurisdiction is appropriate. *See Doe*, 2023 WL 4107084, at *4. Nevertheless, (i) Plaintiff is proceeding *pro se*; and (ii) the parties cited removal law notwithstanding that this action was directly filed in federal court, which may have caused confusion as to the standard and burden of showing the requisite amount in controversy. As such, the Court will provide Plaintiff with one opportunity to amend his pleading so that he can attempt to establish the Court's subject-matter jurisdiction over this action. *See id.; see also Wright*, 2022 WL 2391271, at *2; *Hemphill*, 2009 WL 10671295, at *2.

Accordingly, it is **ORDERED**:

1. The Motion (Doc. 20) is **granted to the extent** that Plaintiff's Second Amended Complaint (Doc. 19) is **dismissed without prejudice** for lack of subject matter jurisdiction.

2. Plaintiff shall have up to and including **February 5, 2025,** to file a third amended complaint in this action. Absent Plaintiff's timely filing of a third amended complaint by such date, the Court will direct the Clerk of Court to enter judgment and close this file without further notice.

**DONE AND ORDERED** in Jacksonville, Florida, on January 16, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff

Counsel of Record